

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Gagliardi v. Courter

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gagliardi v. Courter" (2005). *2005 Decisions*. Paper 692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1207
_____

JOHN GAGLIARDI,

Appellant

v.

JOHN W. COURTER; ALBERT BALAS; ROBERT TATE, ESQ.;
JAMES E. CONTEEN; AL FIRTKO, former Collection
Officer and Auctioneer, and An unspecified number of
JOHN DOES and JANE DOES of the Internal Revenue
Services Department of Treasury; INTERNAL REVENUE SERVICE,
a federal agency; UNITED STATES OF AMERICA;
JACK CARGNONI, a private individual; DAVID TOMKO,
a private individual; DONALD J. LEE, United States District Judge

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 02-cv-02035)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
August 10, 2005

Before:  RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed : August 16, 2005)
_____

OPINION
_____

PER CURIAM

Appellant John Gagliardi appeals the District Court's order dismissing his complaint for failure to prosecute. We will affirm.

In November 2002 Gagliardi filed a complaint against the defendants arising out of a seizure by the IRS of certain property to collect unemployment taxes owed by U.S. Industrial Fabricators, Inc., a corporation owned and controlled by Gagliardi. This is at least the sixth action brought by Gagliardi arising out of the seizure. In Gagliardi v. United States, Civ. No. 02-cv-00216 (W.D. Pa. August 23, 1993), the court dismissed with prejudice a Bivens action brought by Gagliardi and granted the defendants' motion to enjoin Gagliardi from filing further claims in the United States District Court for the Western District of Pennsylvania against agents or employees of the IRS in connection with the seizure.

After the defendants in the present action reminded Gagliardi of this injunction, the court granted his motion to dismiss the individual IRS agents named in the action, leaving unresolved a motion to dismiss filed by defendants Lee, the United States and the IRS. On Gagliardi's motion the matter was stayed in May 2003 and subsequently resumed in August 2004. The order lifting the stay directed Gagliardi to respond to the motion to dismiss within fifteen days of the date of the order.

Three months later Gagliardi had still not responded. Addressing the factors set forth by this Court in Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863 (3d Cir. 1994), the District Court dismissed the complaint with

prejudice for failure to prosecute. The court explained that the failure to comply with the court's order was solely Gagliardi's fault, that the defendants were prejudiced by his failure to comply, that Gagliardi has been "less than diligent" in pursuing the case, and that he does not appear to have a meritorious cause of action because the remaining defendants all enjoy immunity from suit. Moreover, "Gagliardi has persisted in pursuing baseless litigation pertaining to events that happened more than a decade ago, despite his prior lack of success and the court orders that bar his continued resort to the courts." Order at 4. The court concluded that dismissal was the most appropriate sanction in light of Gagliardi's disregard of the previous injunction. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's dismissal for failure to prosecute for abuse of discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). After thorough review of the record, we agree with the District Court's reasons for dismissing Gagliardi's complaint and conclude that it did not abuse its discretion in doing so. Accordingly, we will affirm the judgment of the District Court. The appellees' motion for sanctions and appellant's motion to recuse and for an evidentiary hearing are denied.